54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Quinton FORNEY, Defendant-Appellant.
 No. 94-5650.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1995.
Decided May 15, 1995.
 
 ARGUED: Aaron Edmund Michel, Charlotte, NC, for Appellant. Brian Lee Whisler, Assistant United States Attorney, Charlotte, NC, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Charlotte, NC, for Appellee.
 Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Quinton Forney appeals from a judgment convicting him of unlawful possession of a firearm. We affirm.
 
 
 2
 * The district court properly denied Forney's motions for judgment of acquittal and for a new trial.
 
 
 3
 The arresting officer testified that he saw Forney throw a sawed-off shotgun out the front passenger window of a car that the officer was pursuing. He testified that although it was dark, he was able to see quite well with the aid of a street light and his car lights and that he saw Forney's face in profile as the car turned to the right 10 or 15 feet ahead of him. When the officer stopped the car, Forney exited from the front passenger seat. The right front door window was operable; the right rear door window was not. Shortly after the officer pulled the car over, officers found the shotgun where the arresting officer had seen it thrown out. The gun had not been registered.
 
 
 4
 This evidence was sufficient to convict Forney of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. Sec. 5861(d). We agree with the district court that the jury could reasonably have relied on the officer's testimony to return a verdict of guilty.
 
 
 5
 Contrary to Forney's contention, the trial court did not err when it gave a standard jury instruction defining circumstantial evidence and stating that the law makes no distinction between direct and circumstantial evidence. See Holland v. United States, 348 U.S. 121, 140 (1954).
 
 II
 
 6
 Forney assigns error to the district court's application of the United States Sentencing Guidelines.
 
 
 7
 The district court increased Forney's offense level by four points under U.S.S.G. Sec. 2K2.1(b)(5) for possession of a firearm in connection with another felony offense. After reviewing the record, we are convinced that the trial court's upward adjustment was not erroneous.
 
 
 8
 Thurman Adams, a friend of Forney, testified that on the night in question a rival group of men fired shots at him, Forney, and several others at the Lyle Haven Apartments. He testified that they, including Forney, left the scene and returned later--armed and feeling angry--and exchanged shots with their rivals. Two witnesses testified that Forney had a handgun on the night in question.
 
 
 9
 Detective Sergeant Larry Waters testified that during his investigation he discovered at the apartment spent cartridges from several different types of guns, including spent shotgun shells of the same gauge as the shotgun Forney threw from the car. He also testified that he found a box of shotgun shells on the console of the car in which Forney was riding.
 
 
 10
 Ample evidence supports the district court's finding that Forney was in possession of a weapon in connection with the felony offense of assault with a deadly weapon.
 
 
 11
 The district court correctly added one point in calculating Forney's criminal history because of a previous conviction for possession of drug paraphernalia. See U.S.S.G. Sec. 4A1.1(c). Possession of drug paraphernalia is not similar to one of the minor offenses excluded from consideration by U.S.S.G. Sec. 4A1.2(c).
 
 
 12
 We reject Forney's argument that the district court erred by adding two points in calculating his criminal history for committing an offense while under escape status. Whether the warrant against him was invalid, as Forney argues, is not relevant. The warrant was outstanding at the time of sentencing. See U.S.S.G. Sec. 4A1.1(d).
 
 
 13
 AFFIRMED.